

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 7, 1950

Hon. R. C. Lanning
Chairman
State Board of Control
Austin, Texas

Opinion No. V-1067.

Re: Authority of the Board
of Control to approve
payment in advance for
annual rental on busi-
ness machines.

Dear Sir:

Your request for an opinion is as follows:

"This office is in receipt of voucher
number 26243 from Texas Technological Col-
lege in favor of the International Business
Machines Corporation. The total amount of
said voucher being $6,892.80. This amount
is the total rental for one year from Sep-
tember 1, 1949, through August 31, 1950. A
question is raised as to whether or not we
are authorized to pay for the rental of such
equipment prior to actually having received
the services."

Subsection (8) of House Bill 319, Acts 51st
Leg., R.S. 1949, ch.584, p.1133, 1154, (appropriation for
the several State Institutions of Higher Learning) pro-
vides:

"Rental of Machines and Equipment. None
of the moneys herein appropriated shall be
used for the rental of office machines or
any equipment of any kind without first hav-
ing presented a requisition for the rental
thereof to the Board of Control and secured
said Board's written approval thereof; and
the State Comptroller, or any local disburs-
ing officer, shall not issue warrants or
checks in payment of State rental without
said Board's written approval. No agency of
the government or any State employee shall
permit any seller who has bid on new machines
or new equipment of any kind to deliver any
used or rented equipment in fulfillment of
such order, even though said equipment has

been used by the agency so deciding to purchase."

We quote the following constitutional provisions:

Section 6 of Article VIII of the Constitution of Texas:

"No money shall be drawn from the Treasury, but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years, except . . ." (Exception not applicable)

Section 49 of Article III of the Constitution of Texas:

"No debt shall be created by or on behalf of the State, except . . ." (Exception not applicable)

Section 50 of Article III of the Constitution of Texas:

"The Legislature shall have no power to give or to lend, or to authorize the giving or lending, of the credit of the State in aid of, or to any person, association or corporation, whether municipal or other, or to pledge the credit of the State in any manner whatsoever, for the payment of the liabilities, present or prospective, of any individual, association of individuals, municipal or other corporation whatsoever."

Section 51 of Article III of the Constitution of Texas:

"The Legislature shall have no power to make any grant or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporation whatsoever; . . ." (Exception not applicable)

Since payment of rental of the equipment in question is to be paid out of current appropriations, the

payment is not violative of Section 6 of Article VIII or Section 49 of Article III of the Constitution of Texas. Charles Scribner's Sons v. Marrs, 114 Tex. 11, 262 S.W. 722 (1924).

In determining whether an expenditure of public monies constitutes a gift or a grant of public monies, "the primary question is whether the funds are used for a 'public' or 'private' purpose. The benefit of the State from an expenditure for a 'public purpose' is in the nature of consideration and the funds expended are therefore not a gift even though private persons are benefited therefrom." Alameda County v. Janssen, 16 Cal.2d 276, 106 P.2d 11, 130 A.L.R. 1141 (1940).

The expenditure in the instant case is for a public purpose and the State is receiving valuable consideration for the expenditure of its funds, to wit: the use and benefit of the business machines for a period of one year.

Therefore, it is our opinion that the payment of rental in advance does not constitute a "grant of public moneys" within the meaning of Section 51 of Article III of the Constitution of Texas.

In Bannock County v. Citizens Bank and Trust Co., 53 Idaho 159, 22 P.2d 674 (1933) the Supreme Court of Idaho was construing the provisions in the Idaho Constitution which provided that no county shall "lend or pledge the credit or faith thereof or loan its credit to any individual, etc." The Court stated:

"In interpreting the sections of the Constitution in question, the language employed must be taken and understood in its natural, ordinary, general, and popular sense. . . . In the popular sense, lending or loaning money or credit is at once understood to mean a transaction creating the customary relation of borrower and lender, in which the money is borrowed for a fixed time, and the borrower promises to repay the amount borrowed at a stated time in the future, with interest at a fixed rate. And that is the sense, then, in which the language employed in those sections must be understood, and so understood no county, for example, shall lend or pledge its credit or faith, directly or indirectly, or in

any manner which would create the customary relation of borrower and lender."

It is our opinion that the payment of rental in advance does not in any manner create the customary relationship of borrower and lender and such payment is not a "lending of the state's credit" within the meaning of Section 50 of Article III of the Constitution of Texas.

It was held in Attorney General's Opinion No. O-6246, dated October 27, 1944, that the Comptroller was authorized to pay out of current appropriations premiums in advance on a five year fire insurance policy on buildings of The University of Texas.

In view of the foregoing it is our opinion that payment in advance of rental on business machines used by the State Institutions of Higher Learning is not violative of Sections 50 and 51 of Article III of the Constitution of Texas. You are therefore authorized to honor the voucher under the facts submitted.

## SUMMARY

Payment in advance of rental on business machines used by the State Institutions of Higher Learning is authorized provided payment is made from current appropriations;such action does not violate Sections 49, 50, or 51 of Article III, or Section 6 of Article VIII of the Constitution of Texas. Charles Scribner's Sons v. Marrs, 114 Tex. 11, 262 S.W. 722 (1924); Alameda County v. Janssen, 16 Cal.2d 276, 106 P.2d 11, 130 A.L.R. 1141 (1940); Bannock County v. Citizens Bank and Trust Co., 53 Idaho 159, 22 P.2d 674 (1933); A.G.Opinion No. O-6246.

APPROVED:
J. C. Davis, Jr.
County Affairs Division

Joe Greenhill
First Assistant

Price Daniel
Attorney General

JR:bh:mw

Yours very truly,

PRICE DANIEL
Attorney General

By John Reeves

John Reeves
Assistant